In re Calvin A. **MITCHELL, Jr.** and **Patsy J. Mitchell, Debtor.**

**United States of America, Appellant,**

v.

**Calvin A. Mitchell, Jr. and Patsy J. Mitchell, Appellees.**

**Bankruptcy No. 593–50564–JCA–12.**
**Adversary No. 597–5006.**
**No. 5–97CV–0275–C.**

United States District Court,
N.D. Texas,
Lubbock Division.

Dec. 1, 1997.

Marc Dee McBeath, Attorney at Law, Walter O'Cheskey Trustee, Lubbock, TX, for debtors.

John C Akard, U.S. Bankruptcy Court, Lubbock, TX, for Bankruptcy Judge, pro se.

Ralph Franklin Shilling, Jr., Attorney at Law, U.S. Department of Justice, Tax Division, Dallas, TX, for USA—Internal Revenue Service, appellant.

William T. Neary, U.S. Department of Justice, Office of Trustee, Dallas, TX, trustee, pro se.

## ORDER

CUMMINGS, District Judge.

This case is before the court for consideration of the appeal of the United States of America, Internal Revenue Service, Appellant, from an order of the bankruptcy court denying the Internal Revenue Service's claim for post-petition interest and penalties on pre-petition tax debt, entered by the Honorable John C. Akard, United States Bankruptcy Judge, on July 24, 1997.

The Internal Revenue Service contends that the bankruptcy court erred in holding that post-petition interest on a priority, non-dischargeable federal tax claim could not be collected by the United States as a non-dischargeable debt obligation where the debtors successfully completed their chapter 12 pre-petition obligations. This argument is without merit and unjustifiable. This court must review the bankruptcy court's conclusions of law *de novo*, and the findings of fact of the bankruptcy court may not be set aside unless they are clearly erroneous. *Sutton v. Bank One, Texas, N.A.*, 904 F.2d 327, 329 (5th Cir.1990). The court has considered carefully the written arguments of counsel and the record in this case and is of the opinion that the decision of the bankruptcy court should be affirmed. The findings of fact are not clearly erroneous. There is no reversible error in the conclusions of law.

It is, accordingly, ordered that the decision of the bankruptcy court is, in all things, **AFFIRMED.** The case is remanded to the bankruptcy court for determination of attorney fees and costs to be assessed against Appellant.